PER CURIAM.
We approve the calculation of Ms. Thomas-Johnston’s average weekly wage on the basis of the pay she received for the six full *1236 weeks she worked before the accident. Because she had not worked the thirteen weeks immediately preceding the accident, section 440.14(1)(d), Florida Statutes (1989), applies. See Mauranssi v. Centerline Utils. Contract Co., 685 So .2d 66, 68 (Fla. 1st DCA 1996); Jackson v. Hochadel Roofing Co., 657 So.2d 1266, 1267-68 (Fla. 1st DCA 1995). We reverse and remand, however, because we agree with Ms. Thomas-Johnston’s contention that the evidence supports a finding that her average weekly wage was $225, based on the methodology the judge of compensation claims adopted.
Reversed and remanded.
BOOTH, BENTON and VAN NORTWICK, JJ., Concur.